UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LEONOR FLORES, | ) | Case No. ED CV 06-00499-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | (Social Security Case) |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and certified Administrative Record ("AR") before the Commissioner.  The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.  After reviewing the matter, the Court concludes that the decision of

---

[1]  On February 1, 2007, Michael J. Astrue became Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

the Commissioner must be reversed and the matter remanded for further hearing.

Plaintiff raises the following three issues: whether the Administrative Law Judge ("ALJ") misrepresented the vocational expert's ("VE") testimony regarding her ability to perform her past relevant work; whether the ALJ properly considered Plaintiff's diabetes a severe condition; and, whether the ALJ made proper credibility findings. The outcome of this case turns upon the resolution of the second issue, so the Court will first address that issue.

At Step Two of the sequential evaluation process, the ALJ determined that although Plaintiff suffers from Diabetes Mellitus, Type II, it does not constitute a severe impairment within the meaning of the regulations. (AR at 13, Findings 3 and 4.)

Plaintiff asserts that the evidence in the record indicates that one of the symptoms of Plaintiff's diabetes is that she experiences headaches on a daily basis, and sometimes vomits. (AR 259-260.) As Plaintiff notes, the medical records reflect complaints of lightheadedness, dizziness, nausea, and vomiting. (August 27, 2001: AR 155; March 23, 2004: AR 103; May 23, 2004: AR 105-106; May 28, 2004: AR 121; December 3, 2004: AR 236.)

At the hearing, Plaintiff's counsel (the same counsel who now represents her) questioned the medical expert ("ME") regarding the complaints of vertigo or dizziness. The ME acknowledged that, "Patients can complain of dizziness with diabetes." (AR 259.) Nevertheless, apparently because of the absence of evidence of other symptoms or types of organ damage which may result from diabetes, the ME concluded that Plaintiff's diabetes would not be considered a

2

severe impairment. (AR 257.)

In debating this question, the parties dispute the meaning of certain terms in the records. Plaintiff asserts that her diabetes is "uncontrollable." (<u>See</u> JS at 6, <u>et</u> <u>seq</u>.) The Commissioner argues that Plaintiff's diabetes is not uncontrollable, but simply is not controlled because she is not compliant with her medication. Indeed, there are medical references in the records to Plaintiff's diabetes being "uncontrolled" (AR 123, 132), "under poor control" (AR 136), or under "questionable control" (AR 138). The ME was asked about this in the following portion of the transcript:

> "Q   Do the records indicate anywhere if the claimant has problems with uncontrolled diabetes?
> 
> A   <u>It's unclear what that definition is.  She has elevated blood sugar, isolated blood sugars, yes</u>."

(AR at 258, emphasis added.)

In his decision, the ALJ made the following statement:

> "The claimant testified she had headaches and is dizzy every day, which Dr. Nafoosi [ME] stated could happen if the claimant was not compliant with her medication. Her diabetes can be controlled with medications, dietary discretion and weight reduction to reasonable levels. All of the aforementioned factors are inconsistent with the presence of an incapacitating or debilitating medical condition."

(AR 16.)

The Commissioner agrees with this interpretation of the

testimony.  (See JS at 17.)  The problem is that Dr. Nafoosi never said that in his testimony.  In fact, it is not even a reasonable inference from his testimony.  Moreover, the Court finds nothing in the record which would support the ALJ's conclusion that Plaintiff's diabetes can be controlled with "dietary discretion and weight reduction to reasonable levels." (Id.)  Moreover, there is nothing in the record, from a medical standpoint, which would allow a factfinder to conclude that because Plaintiff does not have various types of organ damage or other symptoms from her diabetes, she therefore cannot have dizziness or vomiting.

The applicable law concerning the definition of severe impairments supports the conclusion that the Step Two finding is a minimal screening step.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities.  20 C.F.R. §416.920.  Basic work activities relate to the aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting.  20 C.F.R. §416.921; Bowen v. Yuckert, 482 U.S. 137, 141-42 (1987).

Plaintiff is not required to establish total disability at this level of the evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act.  Id. at 146.  "The severity requirement increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to

4

be disabled even if their age, education, and experience were taken into account." Id. at 153.

Pursuant to Social Security Ruling 85-28,

> "An impairment or combination of impairments is found 'non-severe' and a finding of 'not disabled' is made at this Step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities)."

Clearly, if Plaintiff does suffer from daily headaches, sometimes or often accompanied by vomiting, that would be a factor to be considered in determining whether or not her diabetes is to be considered a severe impairment at Step Two. It cannot be concluded that the ALJ rejected Plaintiff's complaints of these effects of her diabetes on the basis of a credibility assessment. Rather, the ALJ seemed to accept that Plaintiff does have headaches and dizziness, but attributed that to non-compliance with medication. (See AR at 15, 16.) This is consistent with the Commissioner's interpretation of the decision:

> ("... the ALJ found, based on Dr. Nafoosi's testimony, this could happen when she was not compliant with her medication (Tr. 16.). An ALJ may consider a claimant's failure to follow treatment advice as a factor in assessing

1 claimant's credibility.  <u>Meanal v. Apfel</u>, 172 F.3d 1111,
2 1114 (9th Cir. 1999).  Finally, the ALJ noted that
3 Plaintiff's diabetes could be controlled with 'medications,
4 dietary discretion and weight reduction" (Tr. 16).").
5 (JS at 17.)

      Finally, Plaintiff's first issue, which concerns the ALJ's finding that Plaintiff was capable of performing her past relevant work, is moot in light of the Court's finding that error was committed at Step Two.

      On remand, at a new hearing, the ALJ will determine whether Plaintiff suffers from a severe impairment.  If necessary, a consultative examination ("CE") will be obtained to assist in making this determination.  If the determination is made that Plaintiff does have a severe impairment, the ALJ will address the remaining steps in the sequential evaluation process.

      For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for a new hearing consistent with this Memorandum Opinion.

      **IT IS SO ORDERED.**

DATED: March 22, 2007

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE